IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH K. MALONEY<br><br>   Plaintiff<br>v.<br><br>CITY OF BETHLEHEM, PENNSYLVANIA<br><br>   Defendant. | No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Judith K. Maloney files this Complaint against Defendant City of Bethlehem, Pennsylvania and in support thereof avers as follows:

### Jurisdiction and Venue

1. This Court has original jurisdiction over Counts I-V pursuant to 28 U. S. C. §1331, in that these claims are based upon laws of the United States of America, the Age Discrimination in Employment Act, 29 U. S. C. §621 ('ADEA'), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) ('Title VII') and the right to procedural due process under the Fourteenth Amendment to the United States Constitution under 42 U.S.C. §1983.

2. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and a substantial part of the events giving rise to the claims occurred in this District.

3. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

4. Plaintiff has complied with the applicable administrative remedies by first filing Charges with the Equal Employment Opportunity Commission ('EEOC'), Charge no. 530-2013-01100 and 530-2013-01100 and simultaneously filing Complaints with the

Pennsylvania Human Relations Commission, Case no. 201303496 and 201303498.

5. On November 25, 2013, the EEOC issued Notices of Right to Sue permitting Plaintiff to file her claims under the ADEA and Title VII in this action.

6. Plaintiff intends to amend this Complaint and assert causes of action for age and sex discrimination and retaliation under the Pennsylvania Human Relations Act, 43 P. S. §955(a), ("PHRA") upon receipt of applicable authority from the PHRC.

## Parties

7. Plaintiff Judith K. Maloney ("Maloney") is an individual who resides at 320 Grandview Boulevard, Bethlehem, PA 18018.

8. Defendant City of Bethlehem, Pennsylvania ("City of Bethlehem") is classified as a third class city in the Pennsylvania code and maintains its principal place of business at 10 East Church Street, Bethlehem, PA 18018. The City of Bethlehem has a population of approximately 75,000 people and employs over 500 employees.

9. At all times relevant hereto, Defendant City of Bethlehem was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of the City of Bethlehem.

## Factual Background

10. Plaintiff Maloney is a 51 year old female.

11. In the summer/early fall of 2003, Plaintiff Maloney responded to an advertisement for a Health Director position for the City of Bethlehem.

12. Thereafter, Plaintiff Maloney was contacted by Jean Zweifel of the City of Bethlehem's Human Resources Department Director and advised to fill out a formal city application so that she could be interviewed by the Board of Health.

13. Plaintiff Maloney then interviewed with Dr. David Beckwith, Chair of the City of Bethlehem's Board of Health, and Eleanor Massy, RN, Vice Chair.

14. Following the initial interview, Plaintiff Maloney had follow up interviews with City of Bethlehem officials, including Dana Grubb, Community Development official; Tony Hanna, Director of Community and Economic Development; John B. Callahan, Mayor; and Dr. Bonnie Coyle, Health Bureau Medical Director.

15. On January 20, 2004, Plaintiff Maloney was officially appointed City of Bethlehem Health Director at a Bethlehem City Council Meeting.

16. City of Bethlehem Council Meeting Minutes confirm that Plaintiff Maloney was chosen by the Board of Health and approved by City Council.

17. On January 24, 2004, Plaintiff Maloney officially commenced employment with Defendant City of Bethlehem as full-time Health Director.

18. Throughout the course of her employment, Plaintiff Maloney adequately performed her job and Plaintiff was never advised that her performance failed to meet expectations.

19. During her employment as Health Director Plaintiff Maloney received excellent performance reviews by her supervisors and the Board of Health and on several occasions was publicly commended for her job performance at City Council Meetings.

20. Plaintiff Maloney most recently received a positive performance review early in the year 2012.

21. In March 2008, Maloney was suspended by Defendant City of Bethlehem for receiving a Driving under the Influence ('DUI') charge while off work hours.

22. Similarly situated male employees that received DUI charges, and in some instances multiple DUI charges, were neither disciplined, nor suspended, even when some of those employees were operating city vehicles and on city work time.

23. Similarly situated male employees with DUI charges who were not suspended because of DUI charges include: Jeff Fritz, Supervisor Water Sewer Resources; John Schnecker, Supervisor, Water Sewer Resources; James Schlener, City Firefighter; and Mike Palladino, Operations Manager Sewer Department.

24. In late June 2008, Plaintiff Maloney returned to her Health Director position and she was continuously employed as a working Health Director until March 9, 2012.

25. As of March 2012, Plaintiff Maloney earned an annual salary of approximately $79,500.00 plus employment benefits.

26. On the evening of March 8, 2012, while Plaintiff Maloney was at her home off-duty she was the victim of a domestic violence incident with her boyfriend, Michael Correll ('Correll').

27. At the time of the incident Correll was severely intoxicated as he was drinking since 9:30 a.m., he then came home after dinner and hit Plaintiff Maloney twice and loudly verbally assaulted her.

28. Plaintiff Maloney had no choice but to attempt to defend herself and stop Correll from engaging in physical and verbal abuse and in self-defense Maloney grabbed a container and threw it against a wall as Correll continued to physically threaten her.

29. The Bethlehem Police initially charged Plaintiff Maloney with a misdemeanor simple assault even though Correll never requested that charges be pressed.

30. On July 13, 2012, all charges against Plaintiff Maloney were withdrawn by the Lehigh County District Attorney.

31. On March 9, 2012, after Plaintiff Maloney directed a Board of Health Meeting at 7:30 a.m., Maloney was advised by email by her supervisor, Joseph M. Kelly ("Kelly"), Director of Community Development, to leave work.

32. On the afternoon of March 9, 2012, Director of Community Development Kelly appeared in person at a private residence of a family friend where Plaintiff Maloney was living, and advised Maloney that she was suspended with pay.

33. Plaintiff Maloney remained suspended for nearly 10 months.

34. On her own accord, Plaintiff Maloney began attending counseling sessions for women victims of domestic violence with Turning Point on March 12, 2012 and she also attended a weekly support group. Maloney remains actively involved in support programs to date.

35. When male City of Bethlehem employees were involved in similar circumstances where they were charged and/or convicted of similar crimes involving Protection from Abuse Orders, domestic violence and other similar charges, these employees were not suspended or demoted.

36. The male City of Bethlehem employees who were involved in similar circumstances include Thomas Kiefer, Wastewater Treatment Plant; James Schlener, City firefighter; Tom Marshall, Recycling; and Scott Sterner, Health Department. In addition, Plaintiff believes there are other male employees to these employees who were involved in similar circumstances and were not suspended or demoted.

37. Defendant City of Bethlehem has no policy requiring employees who are charged but not convicted of a crime to report the charge to Defendant.

38. Defendant City of Bethlehem has no policy requiring employees who are charged but not convicted of a crime to be demoted.

39. Defendant City of Bethlehem has no policy requiring employees who are charged but not convicted of a crime to be placed on leave.

40. On March 9, 2012, Kristin Wenrich, a female, who is substantially younger than Plaintiff Maloney, assumed Maloney's duties and was named Interim Health Director.

41. On October 12, 2012, Director of Community Development Kelly forwarded correspondence to Plaintiff Maloney informing her that Defendant City of Bethlehem was "interested in moving forward with a pre-determination hearing."

42. Thereafter, on October 26, 2012, Director of Community Development Kelly informed Plaintiff Maloney that "A meeting would take place on November 7, 2012" in which Maloney could "respond to the charges against you and provide additional information"; the meeting was then rescheduled and took place on November 26, 2012.

43. The only individuals present at the November 26, 2012 meeting were Plaintiff Maloney; Melissa P. Rudas, Esq., Plaintiff Maloney's counsel at that time; Director of Community Development Kelly; Jennifer Doran, Assistant City Solicitor; and Kathleen Garman, Director of Human Resources (now deceased).

44. No member of Defendant City of Bethlehem's Board of Health and no member of City Council was present at the November 26, 2012 meeting.

45. Following the meeting, Plaintiff Maloney was never advised as to any outcome.

46. On December 28, 2012, Plaintiff Maloney's then legal counsel, Melissa P. Rudas, Esq., was advised that effective at some point in January 2013, Maloney was being demoted by Defendant City of Bethlehem to a job as a Sanitarian in the Health Department at an annual salary of approximately $64,000.

47. On January 3, 2013, Maloney filed EEOC Charge no. 530-2013-01100 ("the First EEOC Charge") in which she alleges that her suspension and subsequent offer of a demotion to a job as, Sanitarian on December 28, 2012, constitutes sex/gender discrimination in violation of Title VII and the PHRA, and age discrimination in violation of the ADEA and the PHRA.

48. On January 4, 2013, Plaintiff Maloney advised Defendant City of Bethlehem that since she was being given no alternative, she had no choice but to accept the demotion to the Sanitarian job and commence work as requested by January 7, 2013, but that she would not be able to execute a Release of any legal claims she may have against the City of Bethlehem.

49. On January 7, 2013, Defendant City of Bethlehem received the First EEOC Charge when Kathleen Garman, Human Resource Director; Dennis Reichard, Business Administrator; and Jennifer Doran, Assistant City Solicitor; were each separately served with the First EEOC Charge by telecopy.

50. On January 8, 2013, Jennifer Doran, Defendant City of Bethlehem's Assistant City Solicitor, advised Plaintiff Maloney's private counsel, Melissa P. Rudas, Esq., that Maloney was taken off the payroll and terminated as Health Director as of the end of the day on January 4, 2013.

51. On January 8, 2013, Ms. Doran claimed that she advised Plaintiff Maloney and her private counsel on January 4, 2013, that if Maloney did not accept the demotion by January 4, 2013, her employment would be terminated.

52. Contrary to Ms. Doran's representation, at no time prior to January 8, 2013, did Defendant City of Bethlehem ever advise Plaintiff Maloney that her employment would be terminated as of January 4, 2013 for any reason.

53. The first time Plaintiff Maloney received notification that her employment would be terminated was on January 8, 2013, after Defendant City of Bethlehem had received Maloney's First EEOC Charge.

54. Prior to any final action being taken against Plaintiff Maloney there was no City Council hearing where Maloney was provided any opportunity to defend herself against any charges against her.

55. Prior to any final action being taken against Plaintiff Maloney there was no meeting or hearing of any kind other than the one conducted by Director of Community and Economic Development Kelly.

56. In demanding that as a term and condition of accepting a demotion to Sanitarian Plaintiff Maloney release all claims, Defendant City of Bethlehem failed to comply with the knowing and voluntary waiver requirements of the Older Workers Benefit Protection Act of 1990 and the ADEA, 29 U.S.C. §626 (f) as follows:

(1)
  (A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;
  (B) the waiver specifically refers to rights or claims arising under this chapter;
  (C) the individual does not waive rights or claims that may arise after the date the waiver is executed;

8

(D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;
(E) the individual is advised in writing to consult with an attorney prior to executing the agreement;
(F) (i) the individual is given a period of at least 21 days within which to consider the agreement; or
(G) the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired;

(2)     A waiver in settlement of a charge filed with the Equal Employment Opportunity Commission, or an action filed in court by the individual or the individual's representative, alleging age discrimination of a kind prohibited under section 623 or 633a of this title may not be considered knowing and voluntary unless at a minimum -
(A) subparagraphs (A) through (E) of paragraph (1) have been met; and
(B) the individual is given a reasonable period of time within which to consider the settlement agreement.

57.    On or about January 15, 2013, Defendant City of Bethlehem named Kristen Wenrich, who is substantially younger than Plaintiff Maloney, as permanent full-time Health Director.

58.    By terminating Plaintiff Maloney as Health Director and replacing her with Kristen Weinrich, Defendant City of Bethlehem has discriminated against Plaintiff based on her age in violation of the ADEA and PHRA.

59.    In terminating Plaintiff Maloney's employment Defendant City of Bethlehem was motivated by a desire to terminate an "older employee" and replace the "older employee" with a substantially younger employee.

60.    In terminating Plaintiff Maloney's employment Defendant City of Bethlehem had discriminatory motives.

61.    Defendant City of Bethlehem terminated Plaintiff Maloney's employment without providing the due process required by law.

62. Defendant City of Bethlehem's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

63. The actions of Defendant City of Bethlehem have caused Plaintiff Maloney considerable financial loss, emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. §621 et. seq.

64. Paragraphs 1 to 63 are incorporated herein by reference, as if set forth in full.

65. Plaintiff Maloney is a member of a protected class under the ADEA as she is over forty years of age.

66. Plaintiff Maloney was qualified to perform all Health Director duties when Defendant City of Bethlehem terminated her employment.

67. Plaintiff Maloney was qualified to perform all Sanitarian duties when Defendant City of Bethlehem terminated her employment.

68. The termination of Plaintiff Maloney's employment constitutes an adverse employment decision by Defendant City of Bethlehem.

69. Plaintiff Maloney was replaced by a substantially younger employee.

70. Plaintiff Maloney was treated differently than a sufficiently younger and similarly situated employee.

71. Defendant City of Bethlehem's articulated reason for terminating Plaintiff Maloney's employment is pretextual.

72.     Defendant City of Bethlehem's decision to terminate Plaintiff Maloney constitutes unlawful age discrimination in violation of the ADEA, which forbids age discrimination.

WHEREFORE, Plaintiff Judith K. Maloney requests that this Court enter judgment in her favor and against Defendant City of Bethlehem, Pennsylvania, and that this Court enter a declaratory judgment that Defendant's actions complained of herein violate the enactments of the federal legislature; and award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which she has been denied, including back pay, front pay, pre-judgment interest, liquidated damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the Court deems appropriate.

## COUNT II

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000(E)

### SEX DISCRIMINATION

73.     Paragraphs 1 through 72 are incorporated herein by reference as though set forth in full.

74.     Plaintiff Maloney is a member of a protected class under Title VII as she is a female.

75.     Plaintiff Maloney was qualified to perform all Health Director duties when Defendant City of Bethlehem terminated her employment.

76.     The suspension of Plaintiff Maloney's employment and proposed demotion to Sanitarian constitutes an adverse employment decision by Defendant City of Bethlehem.

77.     Plaintiff Maloney was treated differently than similarly situated male employees.

78. Defendant City of Bethlehem's articulated reason for suspending Plaintiff Maloney, proposed demotion to Sanitarian and the terminating Plaintiffs employment was pretextual.

79. The actions of Defendant City of Bethlehem in subjecting Plaintiff Maloney to sex discrimination in the terms, conditions and privileges of her employment violates Title VII.

80. As a direct result of the aforesaid conduct, Plaintiff Maloney has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Judith K. Maloney requests that this Court enter judgment in her favor and against Defendant City of Bethlehem, Pennsylvania, and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which she has been denied, including back pay, front pay and pre-judgment interest, reinstatement, compensatory and punitive damages; reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

## COUNT III

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

## 29 U. S. C. §621 et. seq.

## RETALIATION

81. Paragraphs 1 to 80 are incorporated herein by reference, as if set forth in full.

82. Defendant City of Bethlehem received Plaintiff Maloney's First EEOC Charge prior to January 8, 2013.

83. In the first EEOC Charge Plaintiff Maloney alleges age discrimination.

84. On January 8, 2013, Defendant City of Bethlehem advised Plaintiff Maloney that she was taken off the payroll and terminated as Health Director.

85. Defendant City of Bethlehem did not formally terminate Plaintiff Maloney's employment until after it received the First EEOC Charge.

86. Defendant City of Bethlehem's actions towards Plaintiff Maloney and the decision to terminate Maloney's employment constitute retaliation for reporting conduct which constitutes age discrimination, which is protected activity under the ADEA.

87. As a direct result of the aforesaid unlawful retaliation, Plaintiff Maloney has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Judith K. Maloney requests that this Court enter judgment in her favor and against Defendant City of Bethlehem, Pennsylvania, and that this Court enter a declaratory judgment that Defendant's actions complained of herein violate the enactments of the federal legislature; and award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which she has been denied, including back pay, front pay, pre-judgment interest, liquidated damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the Court deems appropriate.

## COUNT IV

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000(E), et seq., as amended by the CIVIL RIGHTS ACT OF 1991, 42 U.S.C. §1981(A), et seq.

### RETALIATION

88. Paragraphs 1 through 89 are incorporated herein by reference as though set forth in full.

90. Defendant City of Bethlehem received Plaintiff Maloney's First EEOC Charge prior to January 8, 2013.

91. In the first EEOC Charge Plaintiff Maloney alleges sex discrimination.

92. On January 8, 2013, Defendant City of Bethlehem advised Plaintiff Maloney that she was taken off the payroll and terminated as Health Director.

93. Defendant City of Bethlehem did not formally terminate Plaintiff Maloney's employment until after it received the First EEOC Charge.

94. Defendant City of Bethlehem's actions towards Plaintiff Maloney and the decision to terminate Maloney's employment constitute retaliation for reporting conduct which constitutes sex discrimination, which is protected activity under Title VII.

95. As a direct result of the aforesaid unlawful retaliation, Plaintiff Maloney has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Judith K. Maloney requests that this Court enter judgment in her favor and against Defendant City of Bethlehem, Pennsylvania and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which she has

been denied, including back pay, front pay, pre-judgment interest, reinstatement, compensatory and punitive damages, reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

## COUNT V

## VIOLATION OF 42 U.S.C. §1983 – RIGHT TO PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

96. Paragraphs 1 through 95 are incorporated herein by reference as though set forth in full.

97. Plaintiff Maloney was appointed pursuant to Article 131 of the Ordinances of the City of Bethlehem which pursuant to Article 131.02 provide that the Board of Health "shall exercise all the rights and perform all the duties and obligations conferred and imposed upon like Boards of Health in cities of the Third Class of the Commonwealth."

98. Pursuant to Article 131.05 of the Ordinances of the City of Bethlehem, the Board of Health chose Plaintiff Maloney as Health Director. Maloney met the qualifications established for such position by the Pennsylvania Department of Health and the City of Bethlehem Board of Health.

99. At all times Plaintiff Maloney's salary as Health Director was fixed by the Board of Health subject to the approval of City Council.

100. Plaintiff Maloney was properly appointed in strict compliance with the requirements of civil service laws.

101. Pursuant to Article 131.05 of the Ordinances of the City of Bethlehem as Director Plaintiff Maloney executed the orders of the Board of Health.

102. Pursuant to Article 131.06(a) of the Ordinances of the City of Bethlehem Commonwealth of Pennsylvania civil service laws apply to the removal of the City of Bethlehem Health Director.

103. Plaintiff Maloney was deprived of a property interest in the form of tenure in public employment in that she had a legitimate claim of entitlement to her civil service job as Health Director.

104. Director of Community Development Kelly's participation in any determination hearing constitutes an impermissible commingling of prosecutorial and adjudicatory functions because Kelly referred the charges against Plaintiff Maloney, actively participated in any purported investigation and apparently participated in and adjudicated the matter.

105. 53 P.S. §39408 provides that all employees subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employees. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them.

106. By summarily discharging Plaintiff Maloney without just cause from her position as Health Director without a proper hearing before City Council through the Department of Health, the only tribunal having jurisdiction over her employment, Defendant City of Bethlehem violated the civil service provisions of The Third Class City Code (Code), Act of June 23, 1931, P.L. 942, as amended, 53 P.S. §35101 -§39701, and her

constitutional right to procedural due process.

WHEREFORE, Plaintiff Judith K. Maloney requests that this Court enter judgment in her favor and against Defendant City of Bethlehem, Pennsylvania and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which she has been denied, including back pay, front pay and pre-judgment interest; reinstatement, compensatory and punitive damages; reasonable attorneys' fees, expert witness fees, costs, and any other relief which the court deems appropriate.

_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Judith K. Maloney

Dated: December 30, 2013